UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| AARON MICHAEL LINZY, Petitioner | CIVIL ACTION NO. 1:17-CV-1362-P |
| VERSUS | JUDGE DEE D. DRELL |
| WARDEN, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus (28 U.S.C. § 2241) filed by pro se Petitioner Aaron Michael Linzy. ("Linzy") (#15123-026). Linzy is an inmate in the custody of the Federal Bureau of Prisons, incarcerated at the United States Penitentiary in Pollock, Louisiana. Linzy challenges his sentence imposed in the United States District Court for the Central District of Illinois.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

I. Background

Linzy was convicted of conspiracy to distribute, and unlawful possession with intent to distribute, crack cocaine, ecstasy, and marijuana. U.S. v. Linzy, 604 F.3d 319, 320 (7th Cir. 2010). Prior to trial, the government filed a notice of its intent to rely on Linzy's prior felony drug convictions for a sentencing enhancement. (Docket No. 4:08-cr-40009, Doc. 48). Following the conviction, Linzy was sentenced to the statutory mandatory minimum sentence of life based on his three prior felony drug

convictions. (Docket No. 4:08-cr-40009, Doc. 86). Linzy's conviction and sentence were affirmed on appeal, and his Petition for writ of certiorari was denied by the United States Supreme Court. See id.; Linzy v. United States, 131 S.Ct. 289 (2010).

Linzy filed a motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255, claiming the court erred in sentencing him to life imprisonment. (Docket No. 4:11-cv-4077, C.D. Ill.). The motion was denied, as was a certificate of appealability. (Docket No. 4:11-cv-4077, C.D. Ill., Doc. 13).

## II. Law and Analysis

Linzy seeks to proceed under the savings clause of § 2255(e), which provides a limited exception to the rule that a § 2241 petition may not be used to challenge the validity of a federal sentence and conviction. See Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000). The savings clause allows a prisoner to rely on § 2241 if the remedy available under § 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The burden of affirmatively proving that the § 2255 remedy is inadequate is squarely on the petitioner. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). A prisoner may not utilize § 2241 merely to avoid procedural hurdles presented under § 2255, such as the one-year statute of limitations or the restriction on filing second or successive motions to vacate. See Pack, 218 F.3d at 453 (holding that neither a limitations bar nor successiveness make § 2255 ineffective or inadequate).

The Fifth Circuit has identified the limited circumstances under which the savings clause of § 2255 applies. A petitioner must demonstrate that: (1) his claims

2

are based on a retroactively applicable Supreme Court decision, which establishes that he may have been convicted of a nonexistent offense; and (2) his claims were foreclosed by circuit law at the time when the claims should have been raised in his trial, appeal, or first § 2255 motion. See Reyes–Requena, 243 F.3d 893, 904 (5th Cir. 2001).

Linzy seeks to proceed under Mathis. However, Linzy has not shown that Mathis—which was a direct appeal of a sentence—sets forth a new rule of constitutional law that has been made retroactive to cases on collateral review. See In re Lott, 838 F.3d 522, 523 (5th Cir. 2016) (denying authorization to file a successive application under § 2255(h)(2) because Mathis did not set forth a new rule of constitutional law that has been made retroactive to cases on collateral review); United States v. Taylor, No. 16-6223, 2016 WL 7093905 (10th Cir. Dec. 6, 2016) (Mathis did not announce a new substantive rule).

In fact, the Supreme Court explicitly stated in Mathis that it was not announcing a new rule, and that its decision was dictated by decades of prior precedent. See Mathis, 136 S. Ct. at 2257; see also Teague v. Lane, 489 U.S. 288, 301 (1989) ("[A] case announces a new rule if the result was not dictated by precedent existing at the time the defendant's conviction became final.").

Linzy has not identified a Supreme Court case setting forth a new rule of constitutional law that has been made retroactive to cases on collateral review. Moreover, Linzy cannot show that he may have been convicted of a nonexistent offense, as the Fifth Circuit has held "that a claim of actual innocence of a career

3

offender enhancement is not a claim of actual innocence of the crime of conviction and, thus, not the type of claim that warrants review under § 2241." In re Bradford, 660 F.3d 226, 230 (5th Cir. 2011) (per curiam) (citing Kinder v. Purdy, 222 F.3d 209, 213–14 (5th Cir. 2000)).

Linzy cannot meet the requirements of the savings clause. To file a second or successive § 2255 petition, Linzy must receive authorization from the Seventh Circuit Court of Appeals.

### III. Conclusion

For the foregoing reasons, IT IS RECOMMENDED that Linzy's § 2241 petition be DENIED and DISMISSED, with prejudice, for failing to meet the savings clause.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P.

4

6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __18th__ day of January, 2018.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge